**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1796**

———————

YASHENG LU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-601-921)

———————

Submitted: December 14, 2005          Decided: January 18, 2006

———————

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Arthur J. Liu, INTER-PACIFIC LAW GROUP, INC., Washington, D.C., for Petitioner.  Charles T. Miller, Acting United States Attorney, Fred B. Westfall, Jr., Assistant United States Attorney, Charleston, West Virginia, for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yasheng Lu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's decision to deny his applications for asylum, withholding from removal and protection under the Convention Against Torture. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings, relevant to the subjective component, are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

A determination regarding eligibility for asylum is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We will reverse the Board "only if 'the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio, 979 F.2d at 999 (internal quotation marks omitted)). We find the immigration judge's negative credibility finding was supported by substantial evidence. We further find the evidence was not so compelling as to warrant reversal.

With respect to Lu's due process challenge and his challenges to the denial of withholding from removal and withholding under the Convention Against Torture, because Lu failed to exhaust these issues on appeal to the Board, we decline to review the issues. See 8 U.S.C. § 1252(d)(1) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 125 S. Ct. 861 (2005); Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED